"O"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDS INVESTMENTS, L.P. and THOMAS F. HINDS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DENNIS RYAN, PHYLLIS RYAN, DONALD STROM, KESKA STROM, FRANK W. ROYSDON, LEITHA O. ROYSDON, FRANK SHREVE, MARILYN SHREVE, TAJICO SUPERMARKETS, INC., TAJICO VISTA, INC., KYOUNG H. LEE, IN SUK LEE, PONG SIK MUN, SONG JA MUN,<br><br>　　　　　Defendants. | CASE NO. SACV 07-0708 AG (RNBx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION |

　　　Tetrachlorethylene ("PCE") is a solvent used by dry cleaners. PCE is hazardous when it leaks into subsurface soil or groundwater. PCE can leak into the subsurface in several ways, including releases from sewer lines, equipment failure, and transfer operations.

　　　In this case, plaintiffs Hinds Investments, L.P. and Thomas F. Hinds (collectively "Plaintiffs") own a piece of property (the "Site"). (Memorandum of Points and Authorities in Support of Motion for Summary Adjudication ("Mot.") 1:23-2:2.) Plaintiffs sued Kyoung H. Lee, Pong Sik Mun, and Song Ja Mun (the "Tenant Defendants"), among others, claiming that

they are responsible for PCE contamination of the Site.  Plaintiffs filed this motion for summary adjudication (the "Motion") against the Tenant Defendants.  Defendant Kyoung H. Lee filed an Opposition.  After considering the parties' arguments, the Court GRANTS in part and DENIES in part the Motion.

The Court grants the Motion as to Plaintiffs' first claim for violation of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), second claim for violation of the Resources Conservation and Recovery Act ("RCRA"), fourth claim for violation of the  Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), eleventh claim for breach of contract, and twelfth claim for express indemnity.  The Court DENIES the Motion as to Plaintiffs' eighth claim for nuisance, ninth claim for trespass, and tenth claim for waste.

**BACKGROUND**

Plaintiffs leased the Site to a third party, who assigned the lease to Kyoung H. Lee and In Suk Lee (the "Lees") in March 1981.  (Mot. 5:3-13.)  The Lees used the Site for a dry cleaning operation called "Top Hat Cleaners."  (*Id.* 6:3-5.)  In 1982, the Lees sold Top Hat Cleaners to Pong Sik Mun and Song Ja Mun (the "Muns") and assigned their lease to the Muns.  (*Id.* 6:1-10.)  The Muns have operated Top Hat Cleaners from 1982 to the present.  (*Id.* 7:21-22.)

The Lees used PCE on the Site from 1981 to 1982.  (Mot. 7:25-8:4.)  The Muns have used PCE on the Site from 1982 to the present.  (*Id*. 8:6-18.)

In 2007, PCE was detected at the Site in soil, gas, and groundwater.  (Mot. 8:20-21.)  Plaintiffs hired environmental consultants to investigate and assess the Site.  (*Id.* 8:21-23.)

Plaintiffs sued the Tenant Defendants, among others.  (Although In Suk Lee seems to be a relative of Kyoung H. Lee, Plaintiffs do not include In Suk Lee in this Motion.  *See* Mot. 2:11.)  Plaintiffs allege claims for relief, numbered as follows: (1) recovery of response costs under CERCLA, 42 U.S.C. §§ 107(a)(1-4)(B), against the Tenant Defendants; (2) violation of the RCRA, 42 U.S.C. §§ 6901 et seq., against the Tenant Defendants; (3) declaratory relief under

1  CERCLA, against all Defendants; (4) violation of the HSAA, Health & Safety Code §§ 25300 et
2  seq., against the Tenant Defendants; (5) equitable indemnification under state law, against all
3  Defendants; (6) declaratory relief under state law, against all Defendants; (7) attorney's fees
4  under Cal. Code. Civ. P. § 1021.5, against all Defendants; (8) nuisance, against the Tenant
5  Defendants; (9) trespass, against the Tenant Defendants; (10) waste, against the Tenant
6  Defendants; (11) breach of contract, against the Tenant Defendants; (12) express indemnity,
7  against the Tenant Defendants; and (13) breach of contract, against one of the other defendants.
8       In the Motion, Plaintiffs move for summary adjudication against the Tenant Defendants
9  on their first claim for violation of CERCLA, second claim for violation of the RCRA, fourth
10 claim for violation of the HSAA, eighth claim for nuisance, ninth claim for trespass, tenth claim
11 for waste, eleventh claim for breach of contract, and twelfth claim for express indemnity.

## ANALYSIS

Plaintiffs have provided sufficient evidence to satisfy their burden of showing the absence of a genuine issue as to the Tenant Defendants' liability for violations of CERCLA, HSAA, RCRA, breach of contract, and express indemnity. Plaintiffs have not provided sufficient evidence to satisfy their burden of showing the absence of a genuine issue as to the Tenant Defendants' liability for nuisance, trespass, or waste.

**1.   KYUONG H. LEE'S EVIDENTIARY OBJECTIONS**

Before reviewing Plaintiffs' claims, the Court addresses Kyuong H. Lee's evidentiary objections. Lee argues that none of Plaintiffs' evidence is admissible. (Opp'n 4:18-5:20.) Lee objects to Plaintiffs' evidence on the grounds that it is hearsay and that the declarant has not laid a proper foundation based on personal knowledge. The Court disagrees.

Almost all of Plaintiffs' evidence consists of portions of the depositions of Lee and the other Tenant Defendants. Lee does not argue that these depositions did not occur or that the

1  quoted text is inaccurate.  Some of Plaintiffs' evidence consists of business records.  The
2  declarant, Teresa R. Morimoto, properly "swear[s] under the penalty of perjury under the laws of
3  the State of California" that these records are "true and correct and based upon my personal
4  knowledge."  (Declaration of Teresa R. Morimoto ("Morimoto Decl.") 5:5-6.)

5  The Court does not rely on all of Plaintiffs' evidence, so the Court need not determine
6  whether all of Plaintiffs' evidence is admissible.  All of the evidence that the Court relies on is
7  admissible.  None of this evidence is hearsay.  Further, Plaintiffs lay a sufficient foundation for
8  this evidence.  Thus, the Court overrules Lee's evidentiary objections.

**2.    PLAINTIFFS' FIRST CLAIM FOR VIOLATION OF CERCLA**

Plaintiffs have provided sufficient evidence to satisfy their burden of showing that there is no genuine issue as to the Tenant Defendants' liability under CERCLA.  Under CERCLA, "any person may commence a civil action . . . against any person . . . who has contributed . . . to the past . . . handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to the health or environment . . . ."  42 U.S.C. § 6972(a)(1)(B).  To establish CERCLA liability, a plaintiff must prove: (1) that the site is a disposal or treatment facility; (2) that there has been a release or a threatened release of hazardous substances from the facility; (3) that the plaintiff has incurred costs in response to the release or threatened release; and (4) that the defendant falls within one of the classes of responsible persons.  *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998).  Here, Plaintiffs provide sufficient evidence of all four elements.

Regarding the first element, a "facility" is "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ."  42 U.S.C. § 9601(9)(B).  Plaintiffs have presented undisputed evidence that PCE, a hazardous substance, has been disposed of at the Site.  Thus, Plaintiffs have presented undisputed evidence that the Site is a "disposal facility."

Regarding the second element, Plaintiffs have presented undisputed evidence of the

1  presence of PCE in the soil and groundwater at the Site.  Thus, Plaintiffs have presented
2  undisputed evidence that a release of PCE has occurred at the Site.  *See, e.g., Amoco Oil Co. v.*
3  *Borden*, 889 F.2d 664, 668-69 (5th Cir. 1989) ("There is no minimum quantitative requirement
4  to establish a release.").

5        Regarding the third element, Plaintiffs have submitted uncontroverted evidence that they
6  incurred costs in response to the release.  "Response" is defined as, among other things, removal
7  and remedial action, including enforcement activities related thereto.  42 U.S.C. § 9601(25).
8  "Removal" includes, among other things, "such actions as may be necessary to monitor, assess,
9  and evaluate the release or threat of release of hazardous substances . . . ."  42 U.S.C. §
10 9601(23).  Plaintiffs have provided evidence that they incurred the costs of investigation.

11       Regarding the fourth element, Plaintiffs submitted uncontroverted evidence that the
12 Tenant Defendants are present or past operators of Top Hat Cleaners who operated Top Hat
13 Cleaners at the time of PCE disposal.  Thus, they are "responsible persons" under 42 U.S.C. §
14 9601(20).  Lee argues that Plaintiffs have not satisfied this element because Lee "only occupied
15 the shop for less than a year" and Plaintiffs do not prove "that it is likely the release took place
16 during the time of period [sic] of Mr. Lee's operation."  (Opp'n 6:24-26.)  But Plaintiffs need not
17 prove that it is likely the release took place during Lee's tenancy.  They only need submit
18 evidence that Lee was an operator of the facility at a time when PCE disposal occurred.
19 Plaintiffs have done so.

20       The Court GRANTS the Motion as to Plaintiffs' CERCLA claim against the Tenant
21 Defendants.

22

23 **3.**      **PLAINTIFFS' SECOND CLAIM FOR VIOLATION OF THE RCRA**

24

25       Plaintiffs provide sufficient evidence that there is no genuine issue as to the Tenant
26 Defendants' liability under the RCRA.  The RCRA states that "any person may commence a
27 civil action . . . against any person . . . who has contributed to . . . the past or present handling,
28 storage, treatment, transportation, or disposal of any solid hazardous waste which may present an

1  imminent and substantial endangerment to health or the environment." 42 U.S.C.
2  § 6972(a)(1)(B).
3        Here, the Tenant Defendants purchased and handled PCE at the Site in their dry cleaning
4  operations. They stored it in their machines, disposed of it, and arranged for it to be hauled
5  away. PCE has been found in the soil, soil gas, and groundwater. Plaintiffs need not prove that
6  the Tenant Defendants actually *caused* the contamination. *Zands v. Nelson*, 7797 F. Supp. 1254,
7  1262 (S.D. Cal. 1994).
8        The Court GRANTS the Motion as to Plaintiffs' RCRA claim.

### 4. PLAINTIFFS' FOURTH CLAIM FOR VIOLATION OF THE HSAA

Plaintiffs provided sufficient evidence to satisfy their burden of showing that there is no genuine issue as to whether the Tenant Defendants are liable under the HSAA. The HSAA is interpreted consistently with CERCLA. *KFC Western Inc. v. Meghrig*, 23 Cal. App. 4th 1167, 1174-77 (Cal. Ct. App. 1994). Plaintiffs provided sufficient evidence to satisfy their burden of showing that there is no genuine issue as to whether the Tenant Defendants are liable under CERCLA. Thus, Plaintiffs also provided sufficient evidence to satisfy their burden of showing that there is no genuine issue as to whether the Tenant Defendants are liable under the HSAA. The Court GRANTS the Motion as to Plaintiffs' HSAA claim.

### 5. PLAINTIFFS' EIGHTH CLAIM FOR NUISANCE, NINTH CLAIM FOR TRESPASS, AND TENTH CLAIM FOR WASTE

Plaintiffs have not provided sufficient evidence to show the absence of a genuine issue as to whether the Tenant Defendants are liable for nuisance, trespass, or waste. Unlike CERCLA, the HSAA, and the RCRA, Plaintiffs' tort claims require a showing of causation. Plaintiffs have provided evidence that the Tenant Defendants operated the Site and used PCE. Plaintiffs have also provided evidence that PCE was found in the soil, gas, and groundwater. But this alone,

1  without more, is not enough to establish causation.  The Court DENIES the Motion as to
2  Plaintiffs' claims for nuisance, trespass, and waste.

## 6. PLAINTIFFS' ELEVENTH CLAIM FOR BREACH OF CONTRACT AND TWELFTH CLAIM FOR EXPRESS INDEMNITY

Plaintiffs have provided sufficient evidence to show the absence of a genuine issue as to Plaintiffs' claims for breach of contract and express indemnity.  The lease signed by the Muns says that the Muns must "comply with all of the requirements of all municipal, state and federal authorities . . . and shall faithfully observe in said use all municipal ordinances and state and federal statutes . . . ." (Morimoto Decl. Ex. O ¶ 12.)  The lease also says that "[t]he judgment of any court of competent jurisdiction . . . shall be conclusive of that fact as between the Landlord and Tenant." *Id.*  Lee's lease had similar clauses.  As described in Sections 2-4, Plaintiffs have provided sufficient evidence to show the absence of a genuine issue as to whether the Tenant Defendants have violated federal statutes.  Thus, the Tenant Defendants are in breach of contract.

The Muns' lease also says that they "will hold [Plaintiffs] exempt and harmless from any damage or injury to any person . . . ." (Mot. 5:22-23.)  Lee's lease has a similar clause.  Thus, the Tenant Defendants are liable for express indemnity.

Plaintiffs have provided sufficient evidence to show the absence of a genuine issue as to whether the Tenant Defendants are liable for breach of contract or express indemnity.  Thus, the Court GRANTS the Motion as to Plaintiffs' claims for breach of contract and express indemnity.

**DISPOSITION**

The Court GRANTS in part and DENIES in part the Motion. The Court grants the Motion as to Plaintiffs' first claim for violation of CERCLA, second claim for violation of the RCRA, fourth claim for violation of the HSAA, eleventh claim for breach of contract, and twelfth claim for express indemnity. The Court DENIES the Motion as to Plaintiffs' eighth claim for nuisance, ninth claim for trespass, and tenth claim for waste.

IT IS SO ORDERED.

DATED: April 6, 2009

_____
Andrew J. Guilford
United States District Judge